**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**V.**                                              **CAUSE NO. 3:18-CR-170-CWR-LGI-3**

**KPANAH KOLLIE**                                                **DEFENDANT**

**<u>ORDER</u>**

In August 2020, this Court sentenced defendant Kpanah Kollie to a two-year term of supervised release, with the first year to be spent on home confinement. Judgment was entered on September 2, 2020. Docket No. 153. Since then, Kollie has served her supervised release without incident. *See* Docket No. 159-1. Her home confinement is scheduled to end in approximately two weeks.

Now before the Court is Kollie's motion for early release from home confinement. Docket No. 156. The government opposes relief.

"Generally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required." *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) (citations omitted). That said,

> A sentencing court retains jurisdiction to modify the conditions of supervised release after considering certain factors. *See* 18 U.S.C. § 3583(e). These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (6) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 944(a); (7) the need to avoid unwarranted sentencing disparities among defendants with similar records

who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Insaulgarat*, 289 F. App'x 738, 739 (5th Cir. 2008).

"[E]arly termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior." *Guidry*, 2020 WL 908542, at *1 (citations omitted); *see also United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) ("Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).").

On review, the Court is not persuaded that Kollie's period of home confinement should be reduced. Although the U.S. Probation Office is not opposed to relief—a promising sign, to be sure—there are no changed circumstances that favor changing the original sentence. The § 3553(a) factors instead indicate that a 12-month home confinement sentence is appropriate given the nature of the offense, to achieve adequate deterrence, and to realize the interests of justice.

For these reasons, the motion is denied.

**SO ORDERED**, this the 19th day of August, 2021.

                                          s/ Carlton W. Reeves
                                          UNITED STATES DISTRICT JUDGE